[No. 10753-4-I.  Division One.  March 19, 1984.]

MICHAEL B. NORDEAN, *Individually and as Personal Representative, Appellant,* v. LIFE INSURANCE COMPANY OF NORTH AMERICA, *Respondent.*

*Weckworth, Barer & Meyer* and *Charles L. Meyer,* for appellant.

*James P. Moynihan,* for respondent.

WILLIAMS, J.—This action was instituted to recover death benefits claimed to be owing under a group life insurance policy. Both the claimant, Michael B. Nordean, and the insurer, Life Insurance Company of North America, moved for summary judgment. The insurer's motion was granted. Nordean appeals; we affirm.

The undisputed facts are that Nordean went to work for the Boeing Company on August 17, 1979. He joined Boeing's group life insurance program whereby the insurance company would insure the lives of him and his wife. The premiums were to be paid by payroll deductions. The policy specified that coverage began:

> on the first day of the month following the first full calendar month of continuous employment.

Nordean's wife was killed in an automobile accident on September 29, 1979. The principal issue, then, is whether Nordean's "first full calendar month" of employment commenced on August 17, making Nordean an eligible employee on September 17 with the insurance fully in effect on that day, or whether it commenced on September 1, making the policy in force on October 1 (2 days after his wife's death).

█ "Calendar month" can have two meanings:

> The term "calendar month" is defined as meaning any of the months as adjusted in the calendar, now the Gregorian. . . . It is not a month of any given number of days throughout the entire year, but contains the number of days ascribed to it in the calendar, and varies in length according to the Gregorian calendar; it may be twenty—

eight, twenty–nine (in leap year), thirty, or thirty–one days.

The term "calendar month" is also defined, but in a different sense, as meaning the time from any day of a month of the Gregorian calendar to any corresponding day (if any; if not, to the last day) of the next month, and in this sense a calendar month refers to a length of time and not to a specific month; it commences at the beginning of the day of the month on which it starts and ends at the expiration of the day before the same day of the next month.

(Footnotes omitted.) 86 C.J.S. *Time* § 10, at 840 (1954).

In common parlance and as used in the context of the group policy "the first full calendar month" containing as it does the definite article "the" means a named month in the Gregorian calendar. "The first day of the month following" likewise refers to the first day of a named month.

A similar conclusion was reached in *Mercer v. Aetna Life Ins. Co.,* 3 Kan. App. 2d 257, 593 P.2d 23 (1979). In *Mercer,* the insured was also an employee of the Boeing Company. He began work on July 7, 1975 and died on August 31, 1975. His group life insurance policy stated that eligibility was to occur on:

the first day of the calendar month following the completion of one full calendar month of continuous employment . . .

3 Kan. App. 2d at 257.

Holding that there was no coverage because the employee was not eligible until September 1, 1975, the court stated:

From the record, we conclude that the phrase "first day of the calendar month" means the number one day of a month designated in the calendar, and the phrase "full calendar month" as employed in this contract means the first working day to and including the last day of one of the months designated in the calendar. From this, it follows that for Mercer to have become eligible for employee coverage under the contract, he must have completed one full calendar month of continuous employment, *i.e.,* the month of August, and to have been

employed by Boeing on the first day of the calendar month following, *i.e.*, September 1, 1975. Because his death occurred August 31, 1975, the period of his continuous employment was not completed and the insurance on his life never went into effect.

3 Kan. App. 2d at 259.

Nordean began work on August 17, 1979. The first day of the month following his first full calendar month of continuous employment was October 1, 1979. Because his wife died before that day, there is no coverage.

█ The next question is whether the foregoing interpretation of the policy's eligibility clause results in the arbitrary classification of employees, in violation of RCW 48.24.020(1), which provides:

> The employees eligible for insurance under the policy shall be all of the employees of the employer, or all of any class or classes thereof determined by conditions pertaining to their employment.

It does not. All employees who commence work on the same day are treated alike. The eligibility clause violates no public policy. *See Mercer; Marriot v. Pacific Nat'l Life Assur. Co.,* 24 Utah 2d 182, 467 P.2d 981 (1970).

█ The next question is whether, as a result of the insurer's accepting and later returning two premiums, an insurance contract was created by waiver or estoppel. The rule is that:

> while an insurer may be estopped, by its conduct or its knowledge or by statute, from insisting upon a forfeiture of a policy, yet under no conditions can the coverage or restrictions on the coverage be extended by the doctrine of waiver or estoppel.

*Carew, Shaw & Bernasconi, Inc. v. General Cas. Co. of Am.,* 189 Wash. 329, 336, 65 P.2d 689 (1937). *Accord, Sullivan v. Great Am. Ins. Co.,* 23 Wn. App. 242, 247, 594 P.2d 454 (1979).

Our resolution of the foregoing issues renders unnecessary a discussion of the remaining claims of error.

Affirmed.

SODERLAND, J. Pro Tem., concurs.
SCHOLFIELD, J., concurs in the result.

Review denied by Supreme Court June 8, 1984.