Barbara CLARK and Alan V. Clark, the sole and only heirs of Vernon Earl Clark, deceased, Plaintiffs and Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Respondent.

No. 19692.

Supreme Court of Utah.

Oct. 6, 1987.

---

S. Rex Lewis, Provo, for plaintiffs and appellants.

Ray Phillips Ivie, Provo, for defendant and respondent.

DURHAM, Justice:

The family of Earl Clark appeals a summary judgment in favor of State Farm (insurer). Clark was killed by an uninsured motorist who negligently hit the motorcycle Clark was driving. Clark had not insured his motorcycle, but had purchased insurance for his car from insurer. Clark's family sued insurer, attempting to collect under an uninsured motorist clause in the insurance policy issued for the car. We affirm the summary judgment in favor of insurer.

The policy issued by insurer for the car contains an uninsured motorist clause, which is limited by another clause stating that the uninsured motorist insurance does not apply if the insured is driving a vehicle owned by him or a resident of the same household and the vehicle is not an "owned motor vehicle" under the policy. The policy defines "owned motor vehicle" as vehicles described in the declarations on the policy, temporary substitutes for those vehicles, and newly acquired vehicles. The parties agree that the motorcycle was not a temporary substitute or a newly acquired vehicle. Therefore, under the terms of the contract, the uninsured motorist clause does not apply to the motorcycle.

Clark's family argues that the district court judge erred in giving the contractual language its plain meaning because Utah Code Ann. § 41–12–21.1 (1981) (recodified in Utah Code Ann. §§ 31A–22–302, 31A–22–305 (1986)) creates a personal right to uninsured motorist coverage and expresses a legislative statement of a public policy that forbids exceptions to uninsured motorist coverage.

This case presents us with an issue that has received considerable judicial attention, but upon which the authority is divided. *See, e.g., Calvert v. Farmers Insurance Co.,* 144 Ariz. 291, 294–95, 697 P.2d 684, 687–88 (1985) (providing an excellent summary of appellate cases on the issue). While a significant majority of courts has accepted the argument that uninsured motorist vehicle coverage is personal and an insurer cannot restrict it without violating public policy, *see, e.g., Calvert,* 144 Ariz. 291, 697 P.2d 684 (1985); *Otto v. Farmers Insurance Co.,* 558 S.W.2d 713 (Mo.Ct.App. 1977), other courts have found exclusionary clauses permissible. *Holcomb v. Farmers Insurance Exchange,* 254 Ark. 514, 495 S.W.2d 155 (1973); *Herrick v. Liberty Mutual Fire Insurance Co.,* 202 Neb. 116, 274 N.W.2d 147 (1979); *Employers' Fire Insurance Co. v. Baker,* 119 R.I. 734, 383 A.2d 1005 (1978).

We think the latter cases are more harmonious with the language of our statute and represent a better-reasoned approach.

Utah Code Ann. § 41–12–21.1 (1981) provides:

> [N]o automobile liability insurance policy insuring against loss resulting from liability imposed by law for bodily injury or death or property damage suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered, issued for delivery, or renewed in this state, *with respect to any motor vehicle registered or principally garaged in this state,* unless coverage is provided in such policy or in a supplement to it, in limits for bodily injury or death set forth in section 41–12–5, under provisions filed with and approved by the state insurance commission for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. *The named insured shall have the right to reject such coverage,* and unless the named insured requests such coverage in writing, such coverage need not be provided in a renewal policy or a supplement to it where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.

(Emphasis added.)

We do not think that the statute, which merely requires insurers to offer uninsured motorist coverage and authorizes motorists to waive the coverage, evinces a legislative intent to allow an individual to purchase insurance on one vehicle and obtain coverage on all the other vehicles in his household. *Cf. Calvert v. Farmers Insurance Co.,* 144 Ariz. 291, 697 P.2d 684 (1985) (finding an exclusion clause invalid under an Arizona statute, which, unlike Utah's statute, *mandates* uninsured vehicle coverage without possibility of waiver). The legislative requirement that the coverage be offered on *any* motor vehicle in the state contradicts the Clarks' argument. If the legislature had intended to require uninsured motorist coverage only on one vehicle per household, it would have drafted the statute accordingly and have drafted the statute accordingly and would not have required that insurers offer the coverage on all vehicles. We agree with the Rhode Island Supreme Court, which interpreted statutory language nearly identical to that of section 41–12–21.1 and concluded:

> [A]n insurance policy is a contract between the insured and the insurer.... There is nothing in the plain language of [our statute] which mandates the extension of that contract, as it relates to uninsured motorist or any other type of coverage, to other vehicles owned by [claimant] but not insured by her. [The statute] requires uninsured motorist coverage, unless specifically rejected by the insured, for all motor vehicle insurance policies in this state; the inclusion of this coverage within such policies is "for the protection of persons insured thereunder." The [insurance] policy provided [claimant] the required uninsured motorist coverage under the policy-contract between parties. Under the terms of the ... policy, [claimant's] ownership, maintenance or use of a motor vehicle other than the [car] covered by the policy is not insured. [Claimant] chose not to include coverage of her motorcycle within her ... policy. This court will not extend uninsured motorist coverage to the motorcycle on the basis of [claimant's] unilateral attempt to modify the existing contract, ... through her ownership of a second vehicle of which [insurer] had no constructive knowledge within the terms of their policy. We see in [our statute] neither the discretion nor the authority to do so.

*Employers' Fire Insurance Co.,* 119 R.I. at 741, 383 A.2d at 1008–09; *see also Bergera v. Ideal National Life Insurance Co.,* 524 P.2d 599 (Utah 1974) (insurance policies are contracts).

Additionally, we think that the statutory provision allowing a motorist to waive uninsured motorist coverage also requires a rejection of the Clark family's position. The legislature, in drafting the statute in question, required that each insured vehicle be *offered* uninsured motorist coverage, but simultaneously allowed each named insured to reject the coverage.

Thus, coverage was intended to rest with the vehicle and not with the named insured, since owners can opt in favor of uninsured motorist coverage on some vehicles and against it on others. The statute, as written, does not exempt uninsured motorist coverage from "other owned motor vehicle" exclusions. We agree with the Nebraska Supreme Court, which interpreted a statute containing a nearly identical waiver provision and stated:

> [The statute] requires that uninsured motorist coverage be included in any such policy delivered or issued for delivery in this state *unless rejected by the insured.* The purpose of the coverage is to protect the insured from uninsured motorists, motorists who do not have liability insurance on their vehicle. It is difficult to find a policy in the statute to protect one uninsured motorist from another uninsured motorist. This is what the *Shipley* [*v. American Standard Ins. Co.,* 183 Neb. 109, 158 N.W.2d 238 (1968),] case referred to when it stated: "An overriding public policy of protecting an owner-operator who inexcusably has no applicable bodily injury liability coverage is not presently discernible."

*Herrick v. Liberty Mutual Fire Insurance Co.,* 202 Neb. 116, 118–19, 274 N.W.2d 147, 149 (1979) (emphasis added).

Our holding is also in harmony with our decision in *Lyon v. Hartford Accident and Indemnity Co.,* 25 Utah 2d 311, 480 P.2d 739 (1971), *overruled on other grounds, Beck v. Farmers Insurance Exchange,* 701 P.2d 795 (Utah 1985), where we found valid an excess coverage escape clause that allowed an insurer to limit the amount it paid on uninsured motorists' claims to the policy limit minus any insurance payments collected from another source.

The judgment of the trial court is affirmed.

HALL, C.J., STEWART, Associate C.J., and HOWE and ZIMMERMAN, JJ., concur.