Spencer J. HIND and Judy R. Hind,
Plaintiffs and Appellants,

v.

Carmen I. QUILLES aka Carmen Gomez Quilles, and Porfidia Torres,
Defendants and Respondents,

Bear River Mutual Insurance Company,
Intervening Plaintiff and Respondent.

No. 870058.

Supreme Court of Utah.

Nov. 5, 1987.

Frederick N. Green, Salt Lake City, for plaintiffs and appellants.

Thomas A. Duffin, Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiffs appeal from summary judgment granted to their insurer, Bear River Mutual Insurance Company ("Bear River"), intervening plaintiff.

Plaintiffs were injured while riding on their motorcycle, when they collided with an automobile driven by defendant Quilles. Quilles was uninsured. Plaintiffs had not insured the motorcycle they were riding, but had an insurance policy issued by Bear River that covered two automobiles owned by plaintiffs. The policy contained uninsured motorist coverage, as described under Utah Code Ann. § 41–12–21.1 (1981). Plaintiffs contend that they are entitled to benefits under the uninsured motorist coverage of that policy for damages incurred in the collision with Quilles.

The policy issued by Bear River specifically excludes such coverage for any vehicle owned by plaintiffs not included in the policy and for which no premium was paid. In our recent case of *Clark v. State Farm Mutual Automobile Insurance Co.*, 743 P.2d 1227 (1987), we held that neither the statute nor public policy forbids restrictions of uninsured motorist coverage such as the one contained in this policy. That case is controlling on plaintiffs' first issue on appeal. Inasmuch as all other issues depend on a finding of coverage under the policy, we do not address them. The judgment is affirmed. Costs to Bear River.