**BEAR RIVER MUTUAL INSURANCE COMPANY, Plaintiff and Respondent,**

v.

**Robert WRIGHT and Mark Martinez, Defendants and Appellants.**

No. 880249–CA.

Court of Appeals of Utah.

March 14, 1989.
As Amended March 23, 1989.

Robert J. DeBry, Salt Lake City, for defendants and appellants.

Thomas A. Duffin, Salt Lake City, for plaintiff and respondent.

Before ORME, GREENWOOD and JACKSON, JJ. (On Rule 31 Hearing).

## MEMORANDUM DECISION

PER CURIAM:

At this court's request, this case was argued and submitted under R.Utah Ct. App. 31(a), permitting an "expedited decision without a written opinion." Cases eligible for "Rule 31 disposition" generally include "uncomplicated factual issues based primarily on documents, summary judgments, dismissals for failure to state a claim, dismissals for lack of personal or subject matter jurisdiction, and judgments or orders based on uncomplicated issues of law...." R.Utah Ct.App. 31(b). A case scheduled for Rule 31 disposition is orally argued and ordinarily decided within two days by brief written order but without opinion. R.Utah Ct.App. 31(d). Rule 31 has proven to be a helpful means of disposing of less complicated cases without delay. Occasionally, however, a Rule 31 case may prove more involved than initially expected, in which event a written opinion may be issued as in other cases. R.Utah Ct.App. 31(f). We conclude that this is such a case.

The first issue raised by appellant Robert Wright in this appeal is whether Utah's uninsured motorist statute, Utah Code Ann. § 41–12–21.1 (1981) (recodified, as amended, in Utah Code Ann. §§ 31A–22–302, –305 (1986)), requires an automobile policy's uninsured motorist provisions to include coverage on a motorcycle which is owned and driven by the insured's family but is not a vehicle expressly insured by the policy and for which no premium was paid. This issue was placed squarely before the Utah Supreme Court in *Clark v. State Farm Mut. Auto. Ins. Co.*, 743 P.2d 1227 (Utah 1987). The Supreme Court held

that under section 41–12–21.1, which required an insurer to provide uninsured motorist coverage in Utah, an automobile policy may exclude from coverage a "vehicle" which is owned by the insured but is not specifically named as an "insured vehicle" under the owner's policy. This issue raised by appellant is controlled by the *Clark* decision.

However, the language of the Robert Wright insurance policy issued by plaintiff Bear River Mutual is materially different from the language of the uninsured motorist provisions in the *Clark* case. Appellant also argues that the actual language of the Bear River Mutual uninsured motorist coverage does not exclude from coverage the motorcycle owned and driven by defendant Wright. We agree and reverse the summary judgment.

Plaintiff Bear River Mutual issued an automobile insurance policy covering defendant Wright's 1980 Ford LTD automobile. In addition to the automobile, Wright owned various motorcycles, including the motorcycle which he was riding when involved in an accident with an uninsured motorist in April 1985. This motorcycle was not specifically listed or included in Wright's Bear River Mutual policy. Bear River Mutual denied Wright coverage under the uninsured motorist provisions of its policy and sued for judicial affirmation that it was not liable.

The Bear River Mutual policy extends uninsured motorist coverage to its insured under Part IV, wherein it agrees:

> To pay all sums which the insured … shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury … sustained by the insured, caused by accident and arising out of the … use of such uninsured automobile….

This coverage permits the insured, Wright, to recover his damages resulting from bodily injury in any accident caused by an uninsured third party. However, under its "exclusions clause," this uninsured motorist coverage afforded by Part IV of the policy does not apply:

> (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile….

■ This exclusion removes coverage for any injury suffered when the insured is operating an "automobile" owned by him but which is not an "insured automobile" under the policy. The scope of such an exclusion will be interpreted according to its clear and unambiguous language. *Dautel v. United Pac. Ins. Co.*, 48 Wash.App. 759, 740 P.2d 894 (1987), (exclusionary clauses are narrowly construed, particularly when the insurer has expressed coverage in broad, inclusive terms). Unless there is some ambiguity or uncertainty in the language of the policy, it should be enforced according to its terms. *St. Paul Fire and Marine Ins. v. Commercial Union Assurance*, 606 P.2d 1206 (Utah 1980). We presume that the language used by Bear River Mutual was included for the purpose stated and to give effect according to its usual and ordinary meaning. *Marriot v. Pacific Nat. Life Assurance Co.*, 24 Utah 2d 182, 467 P.2d 981 (1970). The Supreme Court's decision in the *Clark* case does not preclude Bear River Mutual from providing a broader uninsured motorist coverage than that sanctioned in *Clark*.[1]

The determinative question, then, is whether the Bear River Mutual policy language, that excludes injury incurred while operating an owned but unlisted "automobile," also excludes coverage for injury while operating an owned but unlisted motorcycle. In the absence of a clear and unambiguous definition in the policy, the term "automobile" should be given its com-

---

**1.** *Cf. Dennis Dillon Oldsmobile, GMC, Inc. v. Zdunich*, 668 P.2d 557, 561 (Utah 1983) (An insurer's undertaking in excess of the statutory minimum does not violate the terms or purpose of the statute or the public policy behind it);

*McClellan v. Sentry Indem. Co.*, 140 Ariz. 558, 683 P.2d 757 (Ct.App.1984) (for greater coverage than required by an uninsured motorist act, the parties may make their own contractual arrangement).

mon sense, plain meaning.[2] The resolution of the issue depends upon whether a "motorcycle" is an "automobile" as defined by the policy or as a matter of law.

■ According to Webster's dictionary a "motorcycle" is "a 2-wheeled tandem automotive vehicle...."[3] Furthermore, an "automobile" is defined as a passenger vehicle usually with four wheels.[4] Although either might be considered a "motor vehicle," under a common understanding of the terms a "motorcycle" is not an "automobile".[5]

The Bear River Mutual policy does define an "owned automobile" as a "private passenger, farm or utility automobile...." or a "trailer." An "uninsured automobile" also includes "a trailer of any type." The definition of an "insured automobile" is similar to an "owned automobile." The policy does not contain any broader definition of the simple term "automobile." Nowhere does it specify or define a "motorcycle" as an "automobile." The specific inclusion of farm and utility vehicles and trailers in the policy's definition of "automobiles" and the failure to mention motorcycles suggests that a motorcycle was not intended to be an "automobile," whether "owned," "insured" or "uninsured." There is nothing in the language of the policy that compels the conclusion argued by Bear River Mutual that Wright's "motorcycle" is an "automobile".

■ Bear River Mutual urges that the language of its policy with Wright is identical to the policy language in *Hind v. Quilles*, 745 P.2d 1239 (Utah 1987), where the Utah Supreme Court, in a brief *per curiam* opinion, relied upon *Clark* to deny uninsured motorist coverage. However, similar to the *Clark* case, the *Hind* decision characterizes the language of its policy as excluding owned but unlisted "vehicles." The actual language of Bear River Mutual's policy in *Hind* is not quoted or otherwise set out in the decision. Nor is the term "automobile" ever discussed. That decision does not support Bear River Mutual's assertion that the policy language is identical to the Wright's policy in this case. And, because we are not "supplied with the necessary information," under Utah R.Evid. 201(d), we decline Bear River Mutual's urging that we take judicial notice of the actual policy language in *Hind.*[6] Such an exercise would not avail Bear River Mutual in any event, unless it were clear that the argument made here by Wright had been made by the insured and rejected by the Court in the *Hind* case.

That the legislative enactment is intended to rest coverage with the vehicle and not the named insured, *Clark*, 743 P.2d at 1230, is not inconsistent with our decision here. Under *Clark*, an insurer is not obligated by statute to provide uninsured motorist coverage to its insured when that insured is operating a vehicle not included in the policy. However, we conclude that the insurer may, in fact, contract to provide such greater coverage with its insured by the plain language of its policy. By providing coverage to Wright for any injury caused by an uninsured motorist, and by excluding therefrom only uninsured "automobiles" owned by Wright, Bear River Mutual's policy does not exclude uninsured

---

**2.** *Cf. Deseret Sav. Bank v. Francis*, 62 Utah 85, 88, 217 P. 1114, 1115 (1923) ("... the presumption is that words are used in their ordinary sense, and if a different interpretation is sought it must rest upon something in the character of the legislation or in the context which will justify a different meaning.") *Accord In Re Adoption of M.L.T.*, 746 P.2d 1179, 1180 (Utah App. 1987).

**3.** *Webster's Third New Int'l Dictionary;* p. 1476 (1986 ed.).

**4.** *Id.* at 148.

**5.** *See Barber v. Farmers Insurance Exchange*, 751 P.2d 248, 249–50 (Utah Ct.App.1988) (explaining the recent changes in the definitions of a "motor vehicle" in the Motor Vehicle Financial Responsibility Act and uninsured motorist insurance coverage, which now include a motorcycle within the term "motor vehicle.") *See also* Utah Code Ann. § 41–12a–103(4) (1988) and §§ 31A–22–301(1), –305 (1986).

**6.** *Mel Trimble Real Estate v. Monte Vista Ranch, Inc.*, 758 P.2d 451, 456 (Utah Ct.App.1988); *cf. Hill v. State Farm Mutual Auto. Ins. Co.*, 765 P.2d 864, 867 (Utah 1988), (when the record below does not reveal the actual terms of the insurance policy, the intent of the parties cannot be ascertained).

motorist coverage when the insured is operating a motorcycle.

The summary judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

ORME, GREENWOOD and JACKSON, JJ., concur.