[No. 12567-0-III.   Division Three.   March 15, 1994.]

ESTATE OF THOMAS C. HALL, *Appellant,* v. HAPO FEDERAL CREDIT UNION, ET AL, *Respondents.*

*Scott N. Naccarato, David E. Williams,* and *Critchlow, Williams, Schuster, Malone & Skalbania,* for appellant.

*Wayne Gladstone* and *Gladstone & Swisher,* for respondents.

THOMPSON, C.J. — Jayne[1] Hall, executrix of the estate of Thomas C. Hall, appeals the summary judgment dismissal of her equitable estoppel and Consumer Protection Act claims

---

[1] Jayne is misspelled in the title of the summons and complaint and various other pleadings.

against HAPO Federal Credit Union and CUNA Mutual Insurance Society. We affirm.

None of the facts material to resolution of this appeal are disputed.

On May 17, 1979, Mr. Hall completed an application for HAPO membership. He listed his occupation as "Retired" and gave as his birthdate May 27, 1908. Mr. Hall's membership was approved and he opened a joint share account with his wife, Jayne, by depositing $5. According to the affidavit of Mrs. Hall, a HAPO employee told them at the time of application that their membership included life insurance coverage on Mr. Hall's life.

On May 18, 1979, Halls deposited either $2,000 or $3,000 in their HAPO account. According to the vice president and assistant manager of HAPO, Halls were provided with new member information, including a CUNA certificate of life insurance. The certificate set forth a schedule of benefits payable to members within the insured class based on their age and the percent of their insurable balance, subject to a maximum benefit. The certificate provided that no benefits were payable on that portion of a member's balance deposited after the member reached age 70. The insured class was also defined to exclude retired workers unless they were in good health at the time a deposit was made.

In her affidavit, Mrs. Hall stated that after Mr. Hall died in July 1991, a HAPO employee told her and her son that she had $2,000 coming from the life insurance policy on their account. However, shortly thereafter she received a letter from HAPO stating there was no coverage because Mr. Hall was over 70 at the time his account was opened.

Mrs. Hall filed this action as executrix of Mr. Hall's estate. CUNA's and HAPO's motion for summary judgment was granted and Mrs. Hall's motion for reconsideration was denied. She timely appealed.

### STANDARD OF REVIEW

■ When reviewing summary judgment orders, the appellate court engages in the same inquiry as the trial

court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). All facts and reasonable inferences are considered in the light most favorable to the nonmoving party. *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.*, 81 Wn.2d 528, 503 P.2d 108 (1972).

### EQUITABLE ESTOPPEL

Mrs. Hall contends CUNA is equitably estopped from denying benefits on behalf of Mr. Hall based on the statements made by its agent, HAPO. She relies primarily on *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 340, 779 P.2d 249 (1989) and *Buchanan v. Switzerland Gen. Ins. Co.*, 76 Wn.2d 100, 108, 455 P.2d 344 (1969).

According to HAPO and CUNA, equitable estoppel is available only as a shield or defense. *Klinke v. Famous Recipe Fried Chicken, Inc.*, 94 Wn.2d 255, 259, 616 P.2d 644 (1980). Therefore, coverage and restrictions on coverage cannot be extended by its application. They rely primarily on *Carew, Shaw & Bernasconi v. General Cas. Co. of Am.*, 189 Wash. 329, 65 P.2d 689 (1937) and *Nordean v. Life Ins. Co. of N. Am.*, 37 Wn. App. 106, 678 P.2d 366, *review denied*, 101 Wn.2d 1021 (1984).

Equitable estoppel arises when a person's statements or conduct are inconsistent with a claim afterward asserted and another has reasonably relied on the statements or conduct and would be injured by a contradiction or repudiation of them. *Robinson v. Seattle*, 119 Wn.2d 34, 82, 830 P.2d 318, *cert. denied*, 506 U.S. 1028, 121 L. Ed. 2d 598, 113 S. Ct. 676 (1992). Unlike promissory estoppel, equitable estoppel is available only as a "shield" or defense. *Klinke*, at 258-59.[2] *See also Colonial Imports, Inc. v. Carlton Northwest, Inc.*, 121 Wn.2d 726, 735, 853 P.2d 913 (1993) (the effect of equitable estoppel is to preclude a party from offering an explanation or defense that the party would otherwise be able to assert).

The general rule governing the application of equitable estoppel to insurance polices was set forth in *Carew*, at 336:

---

[2]Mrs. Hall did not plead promissory estoppel nor did she argue promissory estoppel in opposing summary judgment.

The general rule is that, while an insurer may be estopped, by its conduct or its knowledge or by statute, from insisting upon a forfeiture of a policy, yet under no conditions can the coverage or restrictions on the coverage be extended by the doctrine of waiver or estoppel.

*See also Shows v. Pemberton*, 73 Wn. App. 107, 868 P.2d 164 (1994); *Nordean*, at 109; *Sullivan v. Great Am. Ins. Co.*, 23 Wn. App. 242, 247, 594 P.2d 454 (1979).

Mrs. Hall acknowledges the general rule set forth in *Carew*, but urges us to follow *Imperial Cas. & Indem. Co. v. Carolina Cas. Ins. Co.*, 402 F.2d 41, 47 (8th Cir. 1968) which rejects the rule because it is "a minority viewpoint" that "lacks equity and does not state a preferred view of the law on this issue".

■ The general rule set forth in *Carew* remains the majority rule. *See* W.C. Crais III, Annotation, *Comment Note: Doctrine of Estoppel or Waiver as Available To Bring Within Coverage of Insurance Policy Risks Not Covered by Its Terms or Expressly Excluded Therefrom*, 1 A.L.R.3d 1139, 1144 (1965). Though criticized by a leading treatise,[3] *Carew* has not been overruled and we are bound by its interpretation of the law. *Hamilton v. Department of Labor & Indus.*, 111 Wn.2d 569, 571-72, 761 P.2d 618 (1988).

One rationale underlying the general rule is that an insurer should not be required by estoppel to pay a loss for which it charged no premium. *Saunders*, at 336. Consequently, if an insurer accepts premium payments for periods for which no coverage is provided, the general rule is inapplicable. *Saunders*, at 336.

In *Saunders*, a building was damaged after the owner's insurance was canceled for nonpayment of premiums. The insurer denied coverage. The owner claimed the insurer was equitably estopped from denying coverage because on prior occasions the insurer accepted late renewal premiums and backdated coverage without notifying the insured of any gap in coverage. Following presentation of evidence to the

---

[3]16B John A. Appleman & Jean Appleman, *Insurance* § 9090, at 582 n.5 (1981). According to this treatise, the majority rule is "eroding". 16B Appleman & Appleman *supra* § 9090, at 22 (Supp. 1993).

jury, the trial court granted the motion of the insurer and its agent for a directed verdict and dismissal for lack of evidence. *Saunders* held an established course of conduct may preclude an insurer from denying coverage in some situations involving late payment of renewal premiums.

Unlike Mrs. Hall, the insured in *Saunders* was not seeking to redraft the policy to create liability for a risk or condition specifically excluded by the terms of the policy. He was seeking to prevent a forfeiture of his policy. He was, unlike Hall, outside *Carew*'s general rule. No premiums were paid by Halls, nor is there evidence that HAPO paid premiums to CUNA for those depositors who were over the age of 70.

The general rule set forth in *Carew* is also inapplicable if an insurer acts in bad faith. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 393, 823 P.2d 499 (1992). Here, there is no evidence of bad faith. Neither of the exceptions recognized in *Saunders* or *Butler* applies.

Mrs. Hall also contends the general rule does not preclude her claim because she is not asking for an extension of coverage, just avoidance of a forfeiture. Although not citing *Carew*, she is apparently relying on language in *Carew*, at 336, that even if equitable estoppel prohibits the extension of coverage, it can prevent the forfeiture of a policy. She also cites *Buchanan*.

*Buchanan* held an insurer could be estopped from forfeiting coverage when an adjuster failed to file a proof-of-loss statement which he told the insured he would file after a fire loss. The insurer did not claim the loss fell outside the pertinent coverage. Coverage was refused solely because the insured did not timely submit the required proof-of-loss statement. Unlike the present case, the forfeiture of a policy was at issue, not the extension of coverage.

The trial court correctly held there were no genuine issues of material fact and CUNA and HAPO were entitled to a summary judgment dismissing Mrs. Hall's equitable estoppel claim.

CONSUMER PROTECTION ACT

Mrs. Hall also contends HAPO violated WAC 284-30-330(1)[4] and WAC 284-30-350[5] by misrepresenting pertinent facts or insurance policy provisions and such violations are unfair practices and a violation of the Consumer Protection Act, RCW 19.86. *Industrial Indem. Co. of the Northwest, Inc. v. Kallevig*, 114 Wn.2d 907, 923, 792 P.2d 520, 7 A.L.R.5th 1014 (1990).

■■ To establish a claim under the Consumer Protection Act (CPA), five elements must be proved: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) public interest impact, (4) injury to plaintiff in his or her business or property, and (5) causation. *Kallevig*, at 920-21 (construing RCW 19.86.090 and citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986)). Whether a particular action gives rise to a CPA violation is reviewable as a question of law. *Keyes v. Bollinger*, 31 Wn. App. 286, 289, 640 P.2d 1077 (1982).

RCW 48.30.010(2) prohibits any person "in the business of insurance" from engaging in unfair or deceptive acts or practices as defined in regulations promulgated by the insurance commissioner. *See Kallevig*, at 922. The insurance commissioner has defined several unfair acts or practices in the business of insurance. WAC 284-30-330. Commission of any of these acts or practices is an unfair trade practice per se. *Kallevig*, at 923.

---

[4]WAC 284-30-330 provides:

"The following are hereby defined as unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, specifically applicable *to the settlement of claims*:

"(1) Misrepresenting pertinent facts or insurance policy provisions." (Italics ours.)

[5]WAC 284-30-350 provides in relevant part:

"(1) No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented.

"(2) No agent shall conceal from first party claimants benefits, coverages or other provisions of any insurance policy or insurance contract when such benefits, coverages or other provisions are pertinent to a claim."

WAC 284-30-330 specially applies to the settlement of insurance claims and is therefore not relevant to this case. In addition, although the improper denial of insurance coverage is an unfair trade practice if the insurer lacks reasonable justification for denying coverage, *Kallevig*, at 917, CUNA's denial of coverage was based on the clear and unambiguous terms of its policy. Finally, there was no concealment of benefits, coverages or other provisions pertinent to a violation of WAC 284-30-350. The incorrect representations made by HAPO after the death of Mr. Hall did not serve to conceal or diminish coverage. They mistakenly represented the fact of coverage.

■ As to CUNA, an insurer's reasonable denial of coverage does not constitute an unfair practice. *Villella v. Public Employees Mut. Ins. Co.*, 106 Wn.2d 806, 821, 725 P.2d 957 (1986); *Starczewski v. Unigard Ins. Group*, 61 Wn. App. 267, 273, 810 P.2d 58, *review denied*, 117 Wn.2d 1017 (1991); *Gingrich v. Unigard Sec. Ins. Co.*, 57 Wn. App. 424, 433, 788 P.2d 1096 (1990).

### ATTORNEY FEES ON APPEAL

■ Both HAPO and CUNA seek attorney fees on appeal based on RAP 18.9. We do not find Mrs. Hall's appeal frivolous, nor is there any evidence she pursued it for purposes of delay. The request for attorney fees is therefore denied.

The decision of the trial court is affirmed.

MUNSON and SWEENEY, JJ., concur.

Review denied at 124 Wn.2d 1026 (1994).