2001 UT App 120

**Melvin R. POLLARD, Plaintiff and Appellant,**

v.

**TRUCK INSURANCE EXCHANGE, Defendant and Appellee.**

**No. 20000167–CA.**

Court of Appeals of Utah.

April 12, 2001.

---

Edward M. Garrett, Salt Lake City, for Appellant.

Clifford J. Payne, Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Plaintiff Melvin Pollard (Pollard) appeals from the trial court's grant of Summary Judgment in favor of defendant Truck Insurance Exchange (TIE). We affirm.

## FACTS

¶ 2 The facts of this case are not in dispute. On July 14, 1997, Pollard, the sole owner of both Climate Source, Inc. and Pollard Mechanical, Inc., obtained commercial automobile insurance from TIE to protect the business vehicles (the "Commercial Policy"). The Commercial Policy, which identified fourteen specific vehicles used in the businesses, included Uninsured Motorist (UM) coverage with an express policy limit of $1,000,000. It also contained certain coverage restrictions implicated in this appeal.

¶ 3 On September 23, 1997, while operating his motorcycle, a vehicle not specifically listed in the Commercial Policy, Pollard was involved in an accident with an unidentified motorist, resulting in serious injury to Pollard. Pollard then filed a claim against an insurance policy he had purchased specifically to cover the motorcycle. The issuer of that policy paid Pollard's claim to the policy limit of $100,000; however, that amount was insufficient to cover Pollard's damages. Pollard subsequently submitted a claim with TIE seeking coverage under the Commercial Policy. TIE denied Pollard's claim, asserting that Pollard's motorcycle was not a covered auto under the express terms of the contract, and therefore was not an insured vehicle.

¶ 4 Pollard responded by filing this declaratory judgment action seeking to enforce his claim. TIE timely answered Pollard's petition and subsequently, both TIE and Pollard filed cross-motions for summary judgment. The trial court granted TIE's motion, ruling that "under the clear and unambiguous language of the policy, there is no coverage."

¶ 5 This appeal followed.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Pollard appeals the trial court's decision to grant TIE's motion for summary judgment arguing that the Commercial Policy language is ambiguous. He asserts that the trial court should have construed the policy to extend coverage. " '[A] grant of summary judgment is based upon conclusions of law; therefore, we review the trial court's decision for correctness without deference.' " *Boulder Mountain Lodge, Inc. v. Town of Boulder,* 1999 UT 67, ¶ 11, 983 P.2d 570 (citation omitted). Further, "[i]nterpretation of the terms of a contract is a question of law. Thus, we accord the trial court's legal conclusions regarding the contract no deference and review them for correctness." *Nova Cas. Co. v. Able Constr., Inc.,* 1999 UT 69, ¶ 6, 983 P.2d 575.

## ANALYSIS

¶ 7 Pollard first argues that the Commercial Policy language extending coverage to family members within the context of a commercial insurance policy creates an ambiguity that should be read in favor of coverage. While it is true that "we construe any ambiguity in an insurance policy against the insurer and in favor of coverage," *Wagner v. Farmers Ins. Exch.*, 786 P.2d 763, 765 (Utah Ct.App.1990), it is also true that "in the absence of ambiguity, we interpret the terms of an insurance policy according to their plain meaning." *Valley Bank & Trust Co. v. United States Life Title Ins. Co. of Dallas*, 776 P.2d 933, 936 (Utah Ct.App.1989). "To determine whether the policy provides coverage, we turn to the express language of the policy." *Rivera v. State Farm Mut. Auto. Ins. Co.*, 2000 UT 36, ¶ 17, 1 P.3d 539.

¶ 8 The Commercial Policy language promises that TIE "will pay all sums the '*insured*' is *legally entitled* to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.' " (Emphasis added.) The insured is identified as:

1. You

2. If *you* are an individual, any "*family member*".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

(Emphasis added.) Additionally, the Commercial Policy defines each of its material terms, including the term "You" as used to identify the insured. The Policy defines "You" to mean the "Named Insured shown in the declarations," which in this case is indisputably Climate Source, Inc. and Pollard Mechanical, Inc. Therefore, under the plain language of the Commercial Policy, Pollard is not the named insured. He argues, however, that the extension of coverage to family members in the context of a commercial insurance policy, where the named insured is actually two closely held corporations, creates an exploitable ambiguity that must be resolved in his favor.

¶ 9 Pollard cites several cases from other jurisdictions which, he argues, support his proposition.[1] However, our research reveals that these jurisdictions represent the minority viewpoint. We decline to adopt this position. Instead, we agree with the majority view that because it is not possible for a

---

[1]. *See Hager v. Am. West Ins. Co.*, 732 F.Supp. 1072, 1075 (D.Mont.1989) (finding that the use of the term "family member" in a commercial insurance policy issued to a closely held corporation made it reasonable to conclude that the corporate officers and corporate shareholders all were covered under the contract terms); *Colokathis v. Hartford Accident & Indem. Co.*, 244 Cal.Rptr. 779, 782 (Cal.Ct.App.1988); *Hawkeye-Sec. Ins. v. Lambrecht & Sons*, 852 P.2d 1317, 1319 (Colo.Ct.App.1993)(construing the spouse of the insured corporation's sole shareholder to be a covered family member under the language of the commercial insurance policy for the purposes of UM coverage); *Agosto v. Aetna Cas. & Sur.*, 239 Conn. 549, 687 A.2d 1267, 1268–69 (1996) (holding that Connecticut public policy requires a finding of ambiguity when an insurer includes coverage for "family member" within a commercial insurance policy); *Hansen v. Ohio Cas. Ins. Co.*, 239 Conn. 537, 687 A.2d 1262, 1267 (1996) (same); *Decker v. CNA Ins. Co.*, 66 Ohio App.3d 576, 585 N.E.2d 884, 888–89 (1990) (holding that as a matter of public policy, the use of the term "family member" within a commer-cial insurance policy creates an inherent ambiguity to be interpreted in favor of the claimant); *Grain Dealers Mut. Ins. Co. v. McKee*, 911 S.W.2d 775, 781–82 (Tex.Ct.App.1995).

However, Pollard's research was, at best, incomplete. The Texas Supreme Court reversed *McKee* in 1997, concluding that the mere fact that an insured is the sole shareholder of a closely held corporation combined with " 'family member' language in the PIP and UM/UIM, does not create an ambiguity." *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997). Further, the California Supreme Court withdrew *Colokathis* from publication in 1988. *See Colokathis v. Hartford Accident & Indemnity*, 1988 WL 18807, 1988 Cal. LEXIS 183. Finally, the Colorado Court of Appeals appears to have limited the application of *Hawkeye-Sec. Ins.* to its particular facts. *See General Ins. Co., v. Smith*, 874 P.2d 412, 414 (Colo.Ct.App.1993) (concluding that the use of the term "family member" in a commercial insurance policy creates no ambiguity if the words are preceded with notice that "family member" is only applicable when the named insured is an individual).

corporation to have a spouse or family members, it is unreasonable to assume that the use of the term "family member" in a commercial insurance contract issued to a corporate entity creates an exploitable ambiguity. *See, e.g., Concrete Serv. Inc. v. United States Fid. & Guar. Co.*, 331 S.C. 506, 498 S.E.2d 865, 867 (1998) (concluding that "a corporation, as such, cannot have a spouse or family members."); *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex.1997).

¶ 10 Here, the language in question clearly states that coverage is extended to "family member[s]" only if the named insured is an individual. There is no question here that Climate Source, Inc. and Pollard Mechanical, Inc. are the only named insured listed on the policy. Therefore, there can be no question that the named insured is not an individual. *See, e.g., General Ins. Co., v. Smith*, 874 P.2d 412, 414 (Colo.Ct.App.1993).

¶ 11 Accordingly, we conclude that the inclusion of the term "family member" in a commercial insurance policy, which is issued to a corporation, does not create an exploitable ambiguity. Thus, Pollard is not an insured under the terms of the Commercial Policy.

¶ 12 Pollard next argues that TIE's use of the word "auto," in the Commercial Policy's exclusionary language, is ambiguous, and therefore requires an interpretation which would provide coverage for his motorcycle. "To determine whether the policy provides coverage, we turn to the express language of the policy." *Rivera*, 2000 UT 36 at ¶ 17, 1 P.3d 539,. "An insurer may limit its obligation to provide coverage by 'exclusions phrased in language which clearly and unmistakably communicates to the insured the specific circumstances under which the expected coverage will not be provided.'" *Wagner*, 786 P.2d at 765 (quoting *Reserve Ins. Co. v. Pisciotta*, 30 Cal.3d 800, 180 Cal. Rptr. 628, 640 P.2d 764, 769 (1982)). "Unless there is some ambiguity or uncertainty in the language of the policy, it should be enforced according to its terms." *Bear River Mut. Ins. Co. v. Wright*, 770 P.2d 1019, 1020 (Utah Ct.App.1989).

¶ 13 A review of the Commercial Policy reveals UM coverage "[o]nly [for] those 'autos' described in ITEM THREE of the declarations for which a premium charge is shown." Item three lists fourteen vehicles, none of which is a motorcycle. Therefore, the express language of the policy indicates that Pollard's motorcycle was not a covered auto under the terms of the policy.

¶ 14 Pollard, however, argues that the insurer's failure to clearly exclude motorcycles from coverage creates an ambiguity that must be read in his favor, and therefore, coverage must be extended to him for this accident. In making this argument, Pollard relies solely on *Bear River*.

¶ 15 In *Bear River* the appellant was involved in an accident with an uninsured motorist while riding a motorcycle that was not expressly insured under the policy purchased through the appellee insurer. *See id.* at 1019. The question on appeal was "whether Utah's uninsured motorist statute requires an automobile policy's uninsured motorist provisions to include coverage on a motorcycle which is owned and driven by the insured's family but is not a vehicle expressly insured by the policy and for which no premium was paid." *Id.* (internal citation omitted). Relying on *Clark v. State Farm Mut. Auto. Ins.*, 743 P.2d 1227 (Utah 1987), we concluded that Utah's UM statute created no such requirement. *See id.* at 1020. However, we then distinguished *Clark* concluding that the language of the *Bear River* policy was "materially different from the language of the uninsured motorist provisions in the *Clark* case." *Id.* Therefore, our decision rested not on statutory language, but on the specific exclusionary language of the policy at issue.

¶ 16 The *Bear River* policy language excluded UM coverage to the insured while the insured was operating an *"automobile"* owned by the insured but not an "insured *'automobile'* under the [terms of the] policy." *Id.* (emphasis added). The policy, however, failed to provide supplementary definitions for material terms, *see id.*, and we determined that "[i]n the absence of a clear and unambiguous definition in the policy, the term 'automobile' should be given its common sense, plain meaning." *Id.* We then

determined that the common sense, plain meaning of automobile does not encompass a motorcycle. *See id.* at 1020–21. Accordingly, we concluded that the *Bear River* policy did not exclude coverage to the appellant for his motorcycle accident. *Id.*

¶ 17 The facts presented in this case are easily distinguishable from *Bear River.* Here, the Commercial Policy clearly excluded coverage for " 'Bodily injury' sustained by: (a) You while 'occupying' ... any *vehicle* owned by you that is not a covered '*auto*' for Uninsured Motorist Coverage under this Coverage form." (Emphasis added.) This language, while similar in form to that found in the *Bear River* policy, is further clarified through the inclusion of the crucial definition missing from the *Bear River* policy. Additionally, the Commercial Policy not only defines "auto" as "every self-propelled vehicle which is designed for use upon a highway," but also lists the vehicle types that are not "autos;" a list which does not include motorcycles. Further, the Commercial Policy exclusions here apply to *vehicles* owned by the named insured, but not insured under the policy, as opposed to the *Bear River* exclusion which was specific to *automobiles* owned by the insured, but not insured under the policy. *See Bear River,* 770 P.2d at 1020. We conclude that the Commercial Policy unambiguously excluded coverage for any *vehicle* that was not a "covered auto" under the terms of the Commercial Policy. Pollard's motorcycle was therefore not covered under the clear language of the Commercial Policy.

¶ 18 Finally, we will not revise Pollard's choice to forego coverage for his motorcycle under the Commercial Policy by now extending coverage based solely on his unilateral attempt to modify his contract with TIE, when TIE had no constructive knowledge of the motorcycle under the terms of the Commercial Policy. *See Clark,* 743 P.2d at 1229.

¶ 19 The terms of the Commercial Policy underlying this appeal are not ambiguous. The Commercial Policy clearly identified the insured to be Climate Source, Inc. and Pollard Mechanical, Inc., and not Pollard personally. Additionally, the Commercial Policy unambiguously excludes from coverage vehicles owned by the insured but not listed as

covered within the Commercial Policy. Pollard chose not to include coverage for his motorcycle within the terms of the Commercial Policy, and we refuse to effectuate his attempt to unilaterally do so now.

¶ 20 Accordingly, we affirm the trial court's grant of summary judgment for TIE.

¶ 21 WE CONCUR: RUSSELL W. BENCH, Judge, JAMES Z. DAVIS, Judge.