United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-4039

_____

| | | |
|---|---|---|
| First Colony Life Insurance Company, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Daniel R. Berube, | * | District Court for the |
| | * | District of South Dakota |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Nancy R. Cox, also known as Nancy R. Walker, | * | |
| | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  December 1, 1997
Filed:  December 10, 1997

_____

Before McMILLIAN, BEAM, and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Daniel R. Berube appeals from the final order of the United States District Court[1] for the District of South Dakota, granting summary judgment and attorney's fees to

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

Nancy R. Cox in this diversity interpleader action. For the reasons discussed below, we affirm.

In a 1988 settlement of his workers' compensation claim, Berube received a lump-sum distribution, a portion of which went to purchase a "nonrefund single premium life annuity," which guaranteed Berube a payment of $857.42 per month for life. In 1991, Berube entered into an agreement with Cox, by which Cox agreed to pay Berube $54,640 in exchange for an assignment of his monthly annuity payments for a period of 240 months. The agreement set the amount of the deemed principal at $75,599.90. The agreement further provided for remedies in the event of a breach and stated that should "either party institute[ ] legal action for the enforcement of any right, obligation, provision or covenant of this agreement, the prevailing party shall be entitled to a reasonable attorney's fee in addition to costs of suit."

In 1995, Berube demanded of the insurance carrier reinstatement of his monthly annuity benefits. The insurance carrier brought this interpleader action against Berube and Cox in district court and deposited the annuity payments into the registry of the court. The district court thereafter discharged the insurance carrier from further liability.

Berube moved for summary judgment, arguing the agreement with Cox was void because S.D. Codified Laws § 62-4-42[2] prohibited the assignment of his workers' compensation benefits. In a cross-claim against Cox, Berube alternatively argued that he was entitled to rescind the agreement, because he did not understand the meaning

_____

[2]Section 62-4-42 provides:

> Assignment of payments prohibited -- Certain compensation exempt from claims of creditors.
> No claim for compensation under this title is assignable, and all compensation and claims therefor are exempt from all claims of creditors except those for child and spousal support obligations.

-2-

of "deemed principal." Cox answered the complaint and cross-claim, affirmatively pleading breach of contract and seeking, inter alia, attorney's fees and costs. She also moved for summary judgment and attached Berube's deposition testimony, in which he acknowledged that he could not read because of dyslexia, that he did not read the entire agreement before signing it, and that, notwithstanding his inability to understand all of the agreement's provisions, he did not seek advice from an attorney or an explanation from anyone else.

Noting that the South Dakota Supreme Court had never addressed whether § 62-4-42 prohibited assigning annuity benefits purchased with the proceeds of a lump-sum workers' compensation award, the district court concluded that it did not, and thus, the assignment to Cox was valid. The district court also concluded Berube could not show he was entitled to rescind the agreement with Cox, because Berube's mistake was caused by his neglect of a legal duty, that is, he failed to read the written agreement or have someone explain it to him. The district court granted summary judgment to Cox and, following a hearing, also awarded Cox attorney's fees and costs in the amount of $10,968.53.

We review the grant of summary judgment de novo. See Walker v. State Farm Mut. Auto. Ins. Co., 973 F.2d 634, 636 (8th Cir. 1992). We also review de novo a district court's application of state law in diversity cases. See Salve Regina College v. Russell, 499 U.S. 225, 239 (1991). In the absence of controlling state law, we must predict how the state's highest court would decide the issue. See Brandenburg v. Allstate Ins. Co., 23 F.3d 1438, 1440 (8th Cir. 1994).

We agree with the district court that the South Dakota Supreme Court would conclude that the assignment here is not prohibited by § 62-4-42. The anti-assignment provision of that statute is limited to "claims for compensation," and thus is not applicable, because Berube received his lump-sum distribution and he could use the proceeds for whatever purpose he saw fit. See Highland Park State Bank v. Salazar, 555 S.W.2d 484, 487 (Tex. Civ. App. 1977, writ ref'd n.r.e.) (claim for compensation

means right of action against employer; to prohibit assignment of proceeds would disable employee from using money for intended purposes); Rhea v. Park, 211 Tenn. 589, 366 S.W.2d 765, 768 (1963) (claim for compensation covers every stage before actual payment of award); cf. In re Sloma, 43 F.3d 637, 639-40 (11th Cir. 1995) (assignment of monthly payments received under annuity purchased as award to injured employee not prohibited under Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 916). Berube's reliance on In re Delgado, 967 F.2d 1466, 1468 (10th Cir. 1992), is misplaced, because that case relies on a Kansas statute which also prohibits assignment of "compensation agreed upon, awarded, adjudged, or paid," Kan. Stat. Ann. § 44-514 (1986).

We also agree that Berube is not entitled to rescission for mistake, because his mistake was caused by the neglect of a legal duty, which extended to making sure he understood the contents of the contract before he signed it. See S.D. Codified Laws § 53-4-9; Sutherland v. Sutherland, 187 Kan. 599, 358 P.2d 776, 785 (1961) (duty to read and obtain explanation of contract contents); Beatty v. Depue, 78 S.D. 395, 103 N.W.2d 187, 191 (1960) (mistake must not result from want of ordinary care and diligence exercised by reasonable person).

Finally, we agree with the district court that Cox was entitled to attorney's fees and costs under the terms of the agreement, because Berube's cross-claim, which required Cox to defend the legality and seek enforcement of the agreement, qualifies as "instituting" legal action relating to the enforcement of the parties' rights under the agreement, and she was the prevailing party. Berube has not challenged the amount of the fees.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.