2001 UT App 404

**Mark CHASE, Plaintiff and Appellant,**

v.

**Lynn S. SCOTT; Frank Bjorndal; M. Carl Larsen; and Larsen & Malmquist, Inc., a Utah corporation, Defendants and Appellees.**

No. 20000933–CA.

Court of Appeals of Utah.

Dec. 20, 2001.

Rehearing Denied Jan. 11, 2002.

---

Craig A. Hoggan and Eric P. Lee, Salt Lake City, for Appellant.

Eric C. Olson, Salt Lake City, for Appellees.

Before Judges BENCH, BILLINGS, and THORNE.

## OPINION

BILLINGS, Judge.

¶ 1 Appellant Mark Chase (Chase) appeals the trial court's award of attorney fees and costs to Appellees Lynn S. Scott and Frank Bjorndal (Developers) based on a contractual provision allowing for fees and costs to the prevailing party incurred in "litigation ... to enforce" the contract. We affirm.

## BACKGROUND

¶ 2 This appeal arose from Chase's attempt to rescind a real estate contract. In the early 1980's, Developers, owners of property in Salt Lake County, undertook to subdivide that property. Part of the plan included contracting with a licensed land surveying company to prepare a plat map of the proposed subdivision. This plat did not contain topographical information.

¶ 3 In 1998, after selecting a house design through a design company, Chase began looking for a lot on which to build a house. Chase was particularly interested in one parcel described as Lot 9. Although Chase observed that trees and brush on Lot 9 obscured the topography, he only physically inspected the lot by walking ten to twelve feet into the lot along its eastern boundary. Chase apparently received two different plat

maps from Developers, which he then provided to the design company. The design company warned Chase that the area was a "red flag" zone that presented a "tough building situation." However, relying on the plat maps alone, Chase entered into a Real Estate Purchase Contract (Contract) with Developers.

¶ 4 After receiving zoning approval, Chase's contractor began removing the overburden on the lot and discovered that the toe of the slope extended beyond the point Chase had assumed from his review of the plat map. Chase abandoned his attempts to use Lot 9 and filed suit. In his complaint, he claimed that due to mutual mistake, he was entitled to rescission of the Contract, and asserted negligent misrepresentation claims against Developers.

¶ 5 At trial, after Chase had presented his case, Developers moved pursuant to Rule 41(b) of the Utah Rules of Civil Procedure for a judgment of involuntary nonsuit and dismissal. The trial court granted the motion, reserving only the claim of attorney fees and costs advanced by Developers. The trial court then awarded attorney fees and costs pursuant to section 17.1 of the Contract, which stated, "In the event of litigation or binding arbitration to enforce this Contract, the prevailing party shall be entitled to costs and reasonable attorney fees." The court determined that this section "survived closing by the express terms of [the abrogation clause] of the [Contract]." The trial court found that because Chase's attack on the enforceability of the Contract was based on a claim of mistake, "this action on the part of [Developers] was necessarily one to enforce the [Contract]." The trial court found that Developers "reasonably incurred" a total of $35,632.50 in attorney fees "in the defense of this action."[1]

¶ 6 In addition, the trial court found that "costs" in the same provision were not limited to the costs specified by Rule 54(d) of the Utah Rules of Civil Procedure. The trial court found that Developers reasonably incurred $1,589.08 in costs in the defense of this action. Combined with attorney fees,

this resulted in a total award of $37,221.58. Chase appeals from this award.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 Chase argues the trial court erred when it found the Contract's provision awarding costs to the prevailing party "[i]n the event of litigation ... to enforce this Contract" applied to Developers' defense against rescission. Chase contends that this was not "litigation ... to enforce" the Contract, but rather was litigation to rescind the Contract, and therefore the provision is inapplicable. Developers respond that defending the Contract against rescission is, in effect, an action to enforce its terms.

¶ 8 "Whether attorney fees are recoverable in an action is a question of law, which we review for correctness." *Dejavue, Inc. v. U.S. Energy Corp.*, 1999 UT App 355, ¶ 8, 993 P.2d 222, *cert. denied*, 4 P.3d 1289 (Utah 2000); *Valcarce v. Fitzgerald*, 961 P.2d 305, 315 (Utah 1998).

¶ 9 In addition, Chase argues that even if the contractual provision is deemed applicable to this case, the trial court erred in its award of costs to Developers. Specifically, Chase argues that the trial court improperly interpreted the contractual "costs" as being outside the scope of Utah Rule of Civil Procedure 54(d).

¶ 10 The trial court's interpretation of the meaning of "costs" in the contract "is 'a question of law. Thus, we accord the trial court's legal conclusions regarding the contract no deference and review them for correctness.' " *Pollard v. Truck Ins. Exch.*, 2001 UT App 120, ¶ 6, 26 P.3d 868 (quoting *Nova Cas. Co. v. Able Constr., Inc.*, 1999 UT 69, ¶ 6, 983 P.2d 575).

## ANALYSIS

### I. Attorney Fees

¶ 11 Chase appeals the trial court's conclusion that Developers' defense against Chase's rescission action constituted "litigation ... to enforce" the Contract. Chase argues that because neither his claim for

1. Chase does not challenge the reasonableness of the fees on appeal.

rescission nor his claim for negligent misrepresentation was based on the Contract, the action had nothing to do with the Contract. Alternatively, Chase contends that the Contract was fully performed because no Contract obligations were unfulfilled, since the land was conveyed and paid for; therefore there could not be "litigation ... to enforce" the Contract. In response, Developers contend that when Chase filed suit to rescind the Contract, Developers' defense effectively sought enforcement of the Contract's obligations of payment and transfer of title.

■ ¶12 "In Utah, attorney fees are awarded only if authorized by statute or contract. If provided for by contract, attorney fees are awarded in accordance with the terms of that contract." *Equitable Life & Cas. Ins. Co. v. Ross*, 849 P.2d 1187, 1194 (Utah Ct.App.1993) (internal citations omitted).

¶13 At issue is the trial court's determination that a defense against rescission is "litigation ... to enforce" the Contract.[2] Chase relies on a variety of cases, none of which are directly on point.[3] Developers rely on *Equitable Life*, where we found that a contractual attorney fees provision encompassed both a claim for breach and a defense against rescission. *See id.* at 1194. The appellant in *Equitable Life* had argued that while the appellee was entitled to fees with regard to its breach of contract claim, it could not recover fees that it incurred when defending against the rescission claim. *See id.* The contract provision stated:

> "In the event any party hereto alleges a *breach or violation of the terms and conditions of this Agreement* by another party, the prevailing party to such *resulting action* shall have a right to recover from the non-prevailing party any and all costs and expenses, including reasonable attorneys' fees, incurred in the *defense or pursuit* of said action."

*Id.* (emphases added). We held that

> [t]he *plain language of the contract* provides that the prevailing party has a right to an award of attorney fees incurred in the pursuit *or* defense of an action arising from a claimed violation of the contract. Since Equitable incurred fees both in pursuing its claim for breach of contract and in defending against [appellant's] claim for rescission, it is clearly entitled to an award of attorney fees in regard to both actions.

---

2. At the outset, we reject Chase's contention that this was not "litigation ... to enforce" the Contract because the Contract was fully performed, since the land had been conveyed and paid for. Chase cites no legal authority for this proposition, and we find it unconvincing. Section 19 of the Contract specifically states that section 17.1, the attorney fees and costs provision, would continue to be effective after closing. In addition, mutual obligations in a contract, especially one conveying real estate, are intended by the parties to be permanent unless otherwise contracted for, such as in a lease. *See* 1 Joseph M. Perillo, Corbin on Contracts § 4.12, at 633 (rev. ed.1993) (providing "the reasonable expectations of the parties are to be effectuated").

3. Chase relies on the following cases in his brief: *Loosle v. First Fed. Sav. & Loan Ass'n of Logan*, 858 P.2d 999, 1003 (Utah 1993) (holding that quiet title action to determine water rights did not invoke fees provisions since the action did not involve collection on note or enforcement of the trust deed as required by provisions of note and trust deed); *Forrester v. Cook*, 77 Utah 137, 292 P. 206, 213 (1930) (holding that plaintiff, bringing unlawful detainer action, could not rely on contractual provision to obtain attorney fees, since action was "one for recovery of possession of property and damages because of unlawful detention" and not to enforce the contract), *overruled on other grounds by P.H. Inv. v. Oliver*, 818 P.2d 1018 (Utah 1991); *Maynard v. Wharton*, 912 P.2d 446, 451 (Utah Ct.App.1996) (holding that litigation over abrogation clause was not a default and contractual provision for attorney fees was only triggered by default); *Palmer v. Hayes*, 892 P.2d 1059, 1062–63 (Utah Ct.App.1995) (holding that dispute over whether sellers had elected their remedy was not one of default, which was contractually required in order to collect attorney fees); *Carr v. Enoch Smith Co.*, 781 P.2d 1292, 1296 (Utah Ct.App.1989) (striking down contractually-based attorney fees award to party who successfully proved contract at issue was void); *Ross v. Cagley*, 65 Or.App. 79, 670 P.2d 190, 192 (1983) (holding that party could not obtain attorney fees under contract provision since plaintiff was awarded an easement by implication, and had "sought neither enforcement of the contract nor damages for its breach, but to have certain rights declared which had not been made part of the contract"); *Bliss v. Anderson*, 36 Or.App. 559, 585 P.2d 29, 31 (1978) (holding that statute awarding attorney fees to prevailing parties in contract actions did not apply to tort litigation).

*Id.* (first emphasis added). While Developers contend that *Equitable Life* stands for the proposition that attorney fees are available in a defense against rescission, Chase argues that the specific contractual language in that case is broader than the contractual language here, claiming "[t]he contract language [in *Equitable Life*] allowed fees 'incurred in the [pursuit or defense] . . .' of the 'resulting action . . .,' not just fees incurred in enforcing the contract."

¶ 14 The only other Utah case that discusses rescission in this context is *BLT Investment Co. v. Snow,* 586 P.2d 456, 458 (Utah 1978). In *BLT,* the court reversed an award of attorney fees based on a contractual provision after the prevailing party had successfully rescinded the contract. *See id.* at 458. The court reasoned that because the party had successfully rescinded the contract, the contract no longer existed, and therefore they could no longer rely upon any of its terms. " 'They may not avoid the contract and, at the same time, claim the benefit of the provision for attorney fees.' " *Id.* (citation omitted). However, we do not read *BLT* to also hold that a party mounting a successful defense against rescission would not be entitled an award of attorney fees under the contract. Since there is no Utah case directly on point, we turn to other jurisdictions for guidance.

¶ 15 In *First Colony Life Insurance Co. v. Berube,* 130 F.3d 827 (8th Cir.1997), the appellant unsuccessfully tried to rescind a contract with the appellee and the appellee was awarded attorney fees based on the contract. *See id.* at 828–29. The contract provided that "should 'either party institute[ ] legal action for the enforcement of any right, obligation, provision or covenant of this agreement, the prevailing party shall be entitled to a reasonable attorney's fee in addition to costs of suit.' " *Id.* at 828 (alteration in original). The Eighth Circuit upheld the award of attorney fees "because [the appellant's action for rescission], which required [appellee] to defend the legality and seek enforcement of the agreement, qualifie[d] as 'instituting' legal action relating to the enforcement of the parties' rights under the agreement, and she was the prevailing party." *Id.* at 829.

¶ 16 We find *First Colony* persuasive and adopt its reasoning. In addition, our reading would be consistent with *BLT* limiting awards under this type of contractual provision to only those parties who successfully defend against rescission and thus enforce the contract. This holding is also consistent with Utah Code Ann. § 78–27–56.5 (1996), which provides for reciprocal rights to recover attorney fees in contracts that allow at least one party to recover attorney fees,[4] because the award in the present case is reciprocal in that either party that successfully defends against rescission would be able to recover fees under the Contract.

¶ 17 We conclude that when Chase sued to rescind the Contract, the ensuing defense was "litigation . . . to enforce" the Contract. Because Developers were successful in their defense of the Contract, we uphold the award of costs and attorney fees.[5]

## II. Costs

¶ 18 Chase argues that the trial court improperly awarded costs to Developers outside of the scope of Rule 54(d) of the Utah Rules of Civil Procedure.

¶ 19 Both parties agree that the Contract neither references Rule 54(d) nor does it define the term "costs." Chase argues

---

4. This section provides:
   A court may award costs and attorney's fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney's fees.
   Utah Code Ann. § 78–27–56.5 (1996).

5. Ironically, even though this case concerns recovery of attorney fees, Developers failed to request attorney fees on appeal. This failure waives the availability of attorney fees for this appeal. *See Cabrera v. Cottrell,* 694 P.2d 622, 625 (Utah 1985) ("No attorneys fees are to be awarded on this appeal since the appellant is the prevailing party but has not sought them."); *cf. In re A.M.S.,* 2000 UT App 182, ¶ 22 n. 2, 4 P.3d 95 (rejecting request for attorney fees and costs incurred below and on appeal since request was made for first time in oral argument).

that because the term is undefined, the court should use Rule 54(d) case law to define "costs." Specifically, Chase claims error in the award of deposition costs and photocopying costs because they were not awarded within the limits of Rule 54(d).[6] Developers, on the other hand, argue that if the parties had intended for only Rule 54(d) costs to apply, the Contract provision would be superfluous, since the prevailing party is already entitled to Rule 54(d) costs as a matter of law.

¶ 20 We find Developers' argument convincing. "Contracts 'should be read as a whole, in an attempt to harmonize and give effect to all of the contract provisions.' " *Lee v. Barnes*, 1999 UT App 126, ¶ 11, 977 P.2d 550 (quoting *ELM, Inc. v. M.T. Enters., Inc.*, 968 P.2d 861, 863 (Utah Ct.App.1998) (internal citation omitted)). According to Rule 54(d), "costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Utah R. Civ. P. 54(d). In order to not render the term "costs" superfluous, the Contract should be read to include those costs that were associated with the litigation but would not be included under a regular Rule 54(d) cost award. "[T]here may be expenses associated with litigation that are necessary, but which nonetheless are not properly taxable as [statutory or rule-based] costs." *Young v. State*, 2000 UT 91, ¶ 21, 16 P.3d 549. Again, in order to give effect to the term "costs" in the Contract, we hold that "costs" should not be limited by case law interpreting Rule 54(d).

## CONCLUSION

¶ 21 In sum, the trial court correctly awarded attorney fees and costs under the Contract, since the Developers' defense against rescission constituted "litigation . . . to enforce" the Contract. In addition, the trial court correctly awarded costs outside of Rule 54(d), since these costs were provided for in the Contract.

¶ 22 WE CONCUR: RUSSELL W. BENCH, Judge and WILLIAM A. THORNE, JR., Judge.

---

**6.** Rule 54(d) states that "Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." Utah R. Civ. P. 54(d).