**2013 UT App 78**

# THE UTAH COURT OF APPEALS

RICHARD N. RAPOPORT AND JEAN A. RAPOPORT,

*Plaintiffs and Appellants,*

*v.*

FOUR LAKES VILLAGE HOMEOWNERS ASSOCIATION, INC.,

*Defendant and Appellee.*

Memorandum Decision
No. 20110801-CA
Filed March 28, 2013

Third District, Silver Summit Department
The Honorable Keith A. Kelly
No. 090501020

Richard N. Rapoport, Appellant Pro Se
Matthew B. Hutchinson, Attorney for Appellee

JUDGE STEPHEN L. ROTH authored this Memorandum Decision,
in which JUDGES JAMES Z. DAVIS
and CAROLYN B. MCHUGH concurred.

ROTH, Judge:

¶1 Plaintiffs Richard N. Rapoport and Jean A. Rapoport appeal from the district court's decision to uphold Defendant Four Lakes Village Homeowners Association, Inc.'s (the HOA) denial of the Rapoports' request to install and use certain lighting fixtures in common areas of the condominium complex where the Rapoports own a condominium unit. We affirm in part and reverse and remand in part.

### I. The District Court Improperly Decided Issues Not Raised by the Pleadings and Not Tried by the Parties' Consent.

¶2     The Rapoports first argue that, in deciding their claim for declaratory relief, the district court improperly decided factual issues that were neither raised by the pleadings nor tried by the parties' consent and made the same error in entering postjudgment findings and conclusions.

¶3     The Rapoports' original application to the HOA requested that they be allowed to install several different lighting fixtures in common areas of the condominium complex, including spotlights that illuminated aspen trees in a common area just behind their unit (the aspen spotlights), as well as other spotlights and tiki lights affixed to and illuminating a limited common area including their rear patio. After much review, the HOA ultimately denied their request. The Rapoports then brought a claim for declaratory relief against the HOA. The district court ruled in favor of the HOA, and the court included in the scope of its decision all of the lighting fixtures that had been the subject of the HOA's decision. The Rapoports objected, asserting that their claim for declaratory relief had been limited to the aspen spotlights and that the HOA's decision regarding the other spotlights and the tiki lights had not been raised by the pleadings or tried by the parties' consent. Based on its review of the pleadings and the evidence at trial, the district court concluded that the tiki lights and other spotlights were appropriately within the scope of its decision. The court reasoned that in the complaint and at trial the primary issue raised by the Rapoports was the propriety of the HOA's decision to deny their request to install lighting fixtures, a decision that generally implicated and extended to all of the lighting fixtures. On review, however, we conclude that only the issue involving the aspen spotlights was pleaded and tried.

¶4     The complaint describes the aspen spotlights as the factual basis for the Rapaports' claim: "[The Rapoports] have installed two low voltage spot lights (the 'Lights') on the rear exterior wall of the

Unit over the deck. When lighted the Lights illuminate two [aspen] trees in the Common Area to the rear of the Unit . . . ." In explaining the facts underlying the Rapoports' claim, the complaint then repeatedly refers to "the Lights," which is the designated reference for the aspen spotlights. None of the other lighting fixtures are ever specifically mentioned or described in the complaint.

¶5    The HOA asserts, however, that the complaint is broad enough to encompass all of the lighting fixtures that were within the scope of its original decision. It points out that the complaint reads, "A controversy exist[s] between [the Rapoports] and [the HOA] regarding the interpretation of the CC&Rs and the right of [the Rapoports] to continue to maintain and use the Lighting. [The Rapoports] contend that they are entitled to use and maintain the Lighting in accordance with the CC&Rs." The Rapoports then request generally that the district court review the HOA's decision and "enter a declaratory judgment declaring that [the Rapoports] have the right to maintain and use the Lighting." The HOA concludes that because its decision encompassed all of the lighting fixtures, the Rapoports' request that the district court review the basis for its decision naturally extends to all the lighting fixtures.

¶6    The rules applicable to the construction of pleadings do not support the HOA's contention. "Specific averments in pleading[s] are usually given precedence over general ones regarding the same matter." *Lord v. Shaw*, 665 P.2d 1288, 1289 (Utah 1983). "The specific averments are deemed to supplant, limit and control the general allegations." *Id.* The Rapaports' complaint specifically identifies only the aspen spotlights, designated as "the Lights," and neither mentions nor describes the other spotlights or the tiki lights. On a few occasions the complaint also refers to "the Lighting," which is never specifically defined. Although this term could be a reference to all of the lighting fixtures, considering the complaint as a whole, there is no reasonable basis to conclude that it is meant to expand the factual scope of the complaint to the other lighting fixtures that are never specifically mentioned. Rather, it seems more likely that

the term is simply used as an alternate reference to the aspen spotlights. We therefore conclude that the "specific averments" regarding the aspen spotlights "supplant, limit and control the more general allegations" referring to the HOA's decision.[1] *See id.* Reading the Rapoport's complaint in this way, we conclude that it is limited to the aspen spotlights.

¶7     We further conclude that the scope of the Rapaports' claim was not expanded at trial by the parties' express or implied consent. Rule 15 of the Utah Rules of Civil Procedure provides that "[w]hen issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Utah R. Civ. P. 15(b). "Under rule 15 . . . , a trial court may infer an amendment to the pleadings if the issue is tried by the [p]arties' express or implied consent." *Lee v. Sanders*, 2002 UT App 281, ¶ 7, 55 P.3d 1127. "Implied consent to try an issue may be found . . . where evidence is introduced without objection, [and] where it appear[s] that the parties understood the evidence [was] to be aimed at the unpleaded issue." *Id.* ¶ 10 (alterations in original) (citation and internal quotation marks omitted). On the other hand, "[a] trial court may not base its decision [to infer an amendment to the pleadings] on an issue that was tried inadvertently." *Id.* (citation and internal quotation marks omitted).

A trial court's application of rule 15(b) is a legal question that we review for correctness. However, because the trial court's determination of whether the issues were tried with all parties'

---

[1]Indeed, both parties originally interpreted the scope of the complaint in this way, as is demonstrated by a discussion among the parties and the district court when the Rapoports moved to amend the complaint to include as part of their claim for declaratory relief the HOA's decision on the other spotlights. *See infra* ¶¶ 8-9.

implied consent is highly fact intensive, we grant the trial court a fairly broad measure of discretion in making that determination under a given set of facts.

*Berg v. Berg,* 2012 UT App 142, ¶ 4, 278 P.3d 1071 (mem.) (citations and internal quotation marks omitted).

¶8 At a hearing three weeks before trial, the Rapoports moved to amend their complaint to include the HOA's decision on the other spotlights as part of their claim for declaratory relief.[2] The HOA opposed the motion, and at one point during the hearing it argued that "the only lights . . . in this case are the [aspen] spotlights and that's because those are the only spotlights that [the Rapoports] made reference to in their complaint." The district court denied the Rapoports' motion, explaining that the issues tried would be limited to the issues raised by the pleadings.

¶9 Before opening statements on the first day of trial, the Rapoports again addressed their motion to amend the pleadings.

> MR. RAPOPORT: Your Honor, at the hearing on the motion for summary judgment we had a discussion of what the issues would be at the trial and your Honor stated that they would be strictly limited to the pleadings unless the parties agreed to include additional issues. We did not so agree so it's my understanding that we were only going to deal with the complaint and the answer.
>
> The complaint is a complaint for declaratory relief in which we allege that under the declaration [we] are authorized to use what I call the spotlights to light the trees behind [the] unit. And . . . that's

---

[2]In moving to amend the pleadings, the Rapoports made no mention of the tiki lights.

been denied by the [HOA] and those are the issues before the Court.

THE COURT: So from your perspective the only issue is the use of the spotlights to light the trees?

MR. RAPOPORT: To light the trees.

THE COURT: Okay.

The HOA did not challenge the Rapoports' characterization of the issue that would be tried.[3]

¶10     During the trial, the tiki lights and other spotlights were mentioned on occasion, but it appears that these lighting fixtures were mentioned to give context to the events that underlie this lawsuit.[4] Rather, the aspen spotlights were the focus of the trial, including the parties' opening and closing statements. Thus, even with the deference that is accorded to the district court on such matters, given the parties' and the court's statements at the pretrial hearing and at the commencement of trial as well as the focus on the aspen spotlights at trial, we conclude that the HOA's decision

---

[3]The HOA argues that the district court was simply acknowledging rather than agreeing with the Rapoports' position. But viewing this discussion in full and in the context of the court's statements and the HOA's argument at the previous hearing, we cannot agree with the HOA's characterization.

[4]While the HOA argues that issues relating to the tiki lights and other spotlights were actually tried, it does not provide any citations to the trial transcript to show exactly where and how those issues were tried. Rather, the HOA directs us only to the dialogue among the parties and the district court that we have described above. *See supra* ¶¶ 8-9.

as it extended to the tiki lights and the other spotlights was not tried by the express or implied consent of the parties.

¶11    We therefore conclude that issues concerning the tiki lights and other spotlights were neither pleaded in the complaint nor tried by the parties' consent. Accordingly, we reverse the district court's decision to the extent that it concluded otherwise and decided those issues and remand for appropriate modification of the judgment.

II. The District Court Appropriately Upheld the HOA's Decision To Deny the Rapoports' Request To Install the Aspen Spotlights.

¶12    The Rapoports argue that the district court erred in upholding the HOA's decision to deny their request to install and use the aspen spotlights. In addressing this issue, the Rapoports rely primarily on the Declaration of Covenants, Conditions and Restrictions (the Declaration), which sets forth the rights and duties of both the HOA and the owners of units in this condominium complex.[5]

¶13    As we have explained, the Rapoports installed spotlights that illuminated two aspen trees in a common area of the condominium complex directly behind their unit and then requested approval from the HOA for the use and installation of the aspen spotlights.[6] The HOA ultimately denied the Rapoports'

---

[5]In deciding this issue, the district court made several factual findings that the Rapoports have not challenged on appeal. Consequently, we recite the facts as the court found them.

[6]The Rapoports requested approval from the HOA only after installing the spotlights, which was contrary to a requirement in the Declaration that an owner of a condominium unit must obtain prior written consent of the HOA before

(continued...)

request because they failed to obtain approval for the installation and use of the aspen spotlights from one of their neighbors.[7] The Rapoports now challenge the HOA's decision, arguing that "[t]here is no provision of the Declaration, nor any provision in the rules adopted by the [HOA] which would require an owner to obtain the approval of a neighbor in order to exercise his or her rights [to use the common areas] under the Declaration." They further argue that "[r]equiring [the] approval of neighbors . . . is clearly arbitrary since the approval of a neighbor is not subject to any standard." Stated differently, the Rapoports' arguments are essentially that requiring neighbor approval is not consistent with the Delcaration and that a neighbor approval requirement is arbitrary, in any event, because there is no standard to guide or constrain its application.

¶14    The Declaration states in section 3.05 that "[e]xcept as otherwise provided in this declaration, any Owner shall be entitled to nonexclusive use of the Common Areas . . . in any manner that does not hinder or encroach upon the rights of other Owners and is not contrary to any rules or regulations promulgated by the [HOA]."[8] Based on this language, there are potentially two bases

---

[6](...continued)
making additions or alterations to any common area or limited common area.

[7]In the district court and on appeal, the HOA presented several other bases for its decision denying the Rapoports' request to install the aspen spotlights. However, as this appears to be the primary basis for the HOA's denial of the Rapoports' request and we affirm the district court's decision on these grounds, it is unnecessary for us to reach the other bases raised by the HOA.

[8]According to the Rapoports, the aspen spotlights were actually installed in a limited common area but cast light into

(continued...)

on which the HOA might deny the Rapoports' request to install and use the spotlights under the Declaration: (1) the use is contrary to some rule or regulation promulgated by the HOA or (2) the use hinders or encroaches upon the rights of other owners to use and enjoy the common areas.

¶15    The Rapoports' argument focuses to a significant extent on the absence of rules or regulations applicable to the installation and use of lighting fixtures in common areas. Under the Declaration, the HOA is granted authority to "make reasonable rules and regulations governing . . . the [c]ommon [a]reas . . . , which rules and regulations shall be consistent with the rights and duties established in th[e] Declaration." According to the Rapoports, when they installed the spotlights there was no existing rule or regulation that specifically addressed common area lighting restrictions or requirements and none have been adopted since. Rather, the HOA has adopted what it describes as the lighting guidelines.[9] And the HOA agrees with the Rapoports that the lighting guidelines are not rules or regulations but are instead guidelines established for the purpose of providing some consistent standard for the HOA to follow in reviewing requests

---

[8](...continued) and illuminated aspen trees in a common area. But despite this potential distinction between the location where the spotlights are actually installed and where the spotlights cast light, the parties' arguments are limited to the portions of the Declaration that address common areas.

[9]The lighting guidelines were adopted after the Rapoports had installed the aspen spotlights and after they had submitted a request to the HOA for approval of the spotlights. However, the parties agree that the lighting guidelines were not adopted specifically because of the Rapoports' spotlights. Rather, the HOA had been in the process of drafting the lighting guidelines, and the timing of the Rapoports' request and the implementation of the lighting guidelines was simply coincidental.

that relate to the installation and use of exterior lighting fixtures. The parties never address the weight or authority that the lighting guidelines should be afforded. So although we do not treat the lighting guidelines as rules or regulations per se, they are nonetheless relevant to this analysis because the HOA relied on them to guide its application of the Declaration to the Rapoports' request.

¶16    We first address the Rapoports' argument that there is no provision in the Declaration that would require them to obtain a neighbor's approval to install and use lighting fixtures in a common area. In making this argument, the Rapoports focus on the portion of section 3.05 of the Declaration that provides that an owner cannot use a common area in "any manner . . . [that is] contrary to any rules or regulations promulgated by the [HOA]," contending that in the absence of such rules and regulations there is no reasonable basis for the HOA to have denied their application. The Rapoports ignore, however, the portion of section 3.05 that provides that an owner may not use a common area in a manner that "hinder[s] or encroach[es] upon the rights of other Owners." While this language does not explicitly establish a requirement to seek out neighbor approval, it does seem to support the requirement of the HOA's lighting guidelines, which provides, among other things, that "[a]s in all other exterior changes, the approval of adjacent neighbors must be obtained" before an owner may install and use lighting fixtures in common areas. This neighbor approval provision of the lighting guidelines seems to be a reasonable adaptation of the Declaration's requirement that one owner's use of a common area not hinder or encroach another owner's use and enjoyment of the common area, because it establishes that a legitimate consideration for the HOA to take into account in deciding whether to allow a proposed use is how that use may affect a neighbor's use and enjoyment of the common area. And requiring a neighbor's input regarding a proposed use is a simple way to explore whether that use may "hinder or encroach upon the rights of" a neighbor to use and enjoy the common area. Thus, it is not unreasonable for the HOA to employ

a lighting guideline that requires "the approval of adjacent neighbors" for proposed lighting fixtures that will affect a common area of the development, because such an approach is reasonably consistent with section 3.05 of the Declaration and is reasonably aimed at enforcing its explicit purpose of protecting the rights of all unit owners to use and enjoy common areas of the condominium development.

¶17 We next address the Rapoports' concern that "[r]equiring [the] approval of neighbors . . . is clearly arbitrary since the approval of a neighbor is not subject to any standard." We do not disagree with the Rapoports that it is possible that a neighbor's decision to withhold approval may be unreasonable or for an improper purpose. But such a concern does not seem to be implicated in this case. In rendering its decision, the district court found that the HOA "has consistently considered the input of neighbors when an owner seeks to obtain [its] prior written consent to any additions or alterations to the exterior of" a unit, and that "[w]hen weighing the input of neighbors, the [HOA] considers whether neighbor complaints are irrational or motivated by an improper motive such as spite or retaliation." And the court further found that "[i]n the course of making the[] decisions being reviewed . . . in this case, the [HOA] considered whether [the Rapoports' neighbor's] complaints about the . . . lights were irrational or motivated by an improper motive such as spite or retaliation and reasonably concluded that they were not." Based on the court's unchallenged findings in this regard, the HOA has consistently interpreted the requirement for neighbor approval to mean that such approval cannot be arbitrarily or unreasonably withheld. And more importantly, the district court found that the HOA actually considered the reasonableness of the neighbor's decision to withhold her approval here. We therefore cannot conclude that the HOA's decision to deny the Rapoports' request

based on the neighbor's disapproval was unreasonable or arbitrary.[10]

¶18    Therefore, because the neighbor approval requirement in the lighting guidelines is reasonably derived from section 3.05 of the Declaration, and because a reasonableness constraint is imported into the neighbor approval requirement to ensure that a neighbor's decision to grant or withhold approval is not arbitrary, we affirm the district court's decision to uphold the HOA's denial of the Rapoports' request to install and use the aspen spotlights.

### III. The District Court Appropriately Declined to Receive into Evidence a Photograph Offered by the Rapoports.

¶19    The Rapoports next argue that the district court abused its discretion when it sustained the HOA's objection to a photograph they offered into evidence.[11] *See generally Chen v. Stewart*, 2005 UT 68, ¶ 27, 123 P.3d 416 ("A [district] court has broad discretion to admit or exclude evidence and its determination typically will only be disturbed if it constitutes an abuse of discretion." (alteration in original) (citation and internal quotation marks omitted)).

---

[10]The district court's findings are supported by testimony given at trial that detailed the HOA's decision-making process in general as well as its particular review of and decision on the Rapoports' request. The district court also heard testimony from the neighbor who had objected to the Rapoports' lighting fixtures.

[11]In their opening brief, the Rapoports argued that the district court abused its discretion in declining to admit three photographs into evidence: Exhibits 7, 18, and 19. However, in their reply brief, the Rapoports abandoned their arguments as to Exhibits 18 and 19, so we address only the photograph that was offered as Exhibit 7.

¶20     According to the Rapoports, this photograph would have shown that, when sitting in her living room, one of their neighbors would not have been able to see the light cast on the aspen trees by the spotlights because of a "large evergreen to the rear of the [neighbor's] unit." The HOA objected on the basis that it appeared that the photograph, which was taken at night, may have been taken with a flash, which would have distorted the actual visual effects of the light from the spotlights. The district court sustained the objection. The Rapoports do not address the district court's basis for declining to admit the photograph into evidence. As a consequence, because the HOA's objection seems to have raised a legitimate concern about the adequacy of the evidentiary foundation to support the photograph's admission, the decision to exclude it appears to be well within the district court's discretion. *See* Utah R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

IV. Attorney Fees

¶21     The Rapoports challenge the district court's decision to award the HOA attorney fees under the Declaration on the basis that the Declaration's attorney fees provision does not allow attorney fees for defending against a unit owner's claim but only for successfully litigating an affirmative claim.

¶22     "[A]ttorney fees are awarded only if authorized by statute or contract." *Chase v. Scott*, 2001 UT App 404, ¶ 12, 38 P.3d 1001 (citation and internal quotation marks omitted). "If provided for by contract, attorney fees are awarded in accordance with the terms of that contract." *Id.* (citation and internal quotation marks omitted). Section 7.05 of the Declaration provides,

> The [HOA] may take judicial action against any Owner to enforce compliance with such rules and regulations or other obligations of Owners arising

hereunder, or to obtain damages for noncompliance therewith, as permitted by law. In the event of such judicial action, the [HOA] shall be entitled to recover its costs, including reasonable attorney[] fees, from the offending Owner.

¶23    The Rapoports filed a claim for declaratory relief seeking to overturn the HOA's decision to deny the Rapoports' request to install the aspen spotlights. The HOA answered the complaint but did not file a counterclaim. According to the Rapoports, by providing for an award of attorney fees "[i]n the event of . . . judicial action," the Declaration permits the HOA to recover fees only if it affirmatively asserts a claim against an owner and not for simply defending itself against an owner's claim. Similarly, the Rapoports assert that the HOA's opposition to a postjudgment motion does not entitle them to an award of attorney fees under the Declaration because simply opposing a motion does not constitute "judicial action" under the Declaration.

¶24    The Declaration limits the award of attorney fees to the HOA to circumstances where it "take[s] judicial action against any Owner to enforce compliance" with applicable rules, regulations, or other obligations. The Rapoports' interpretation of the phrase "judicial action" is too narrow. Rather, we agree with the HOA and the district court that the phrase "judicial action" is broad enough to encompass both the assertion of and the defense against a claim. And further, the judicial action taken here by the HOA in defending against the Rapoports' claim for declaratory relief was to "enforce compliance" with its interpretation of the Declaration as expressed in its decision to deny the Rapoports' lighting request. *See, e.g., id.* ¶ 17 (concluding that defending against a suit to rescind a contract is an action to enforce the contract, under the contract's attorney fees provision). A successful defense in such circumstances falls as readily within the scope of "judicial action" to "enforce compliance" with the Declaration as would an affirmative claim by the HOA. To conclude otherwise would elevate form over substance. Accordingly, we conclude that the

district court did not err in awarding attorney fees to the HOA both for its successful defense against the Rapaports' attempt to overturn the HOA's decision and the HOA's successful opposition to the Rapaports' postjudgment motion.

¶25    In addition, the HOA requests attorney fees on appeal because it was awarded attorney fees below under the Declaration. We grant the HOA's request for an award of reasonable attorney fees and remand to the district court for calculation. *See generally Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) ("[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." (citation and internal quotation marks omitted)). In calculating the HOA's attorney fees, however, the district court must take into account the fact that the Rapoports were not totally unsuccessful in their appeal, as they prevailed in arguing that the district court inappropriately decided issues neither raised by the pleadings nor tried by the parties' consent. With this in mind, we also direct the district court to reassess its prior awards of attorney fees to the HOA to the extent that our decision on this issue makes reconsideration of the amount of that award appropriate.

## V. Conclusion

¶26    We conclude that the district court decided issues neither raised by the pleadings nor tried by the parties' consent when it extended its decision to the other spotlights and tiki lights. Rather, the only issue actually pleaded and tried was the HOA's decision regarding the aspen spotlights. Nonetheless, we agree with the district court in upholding the HOA's decision to deny the Rapoports' request to install the aspen spotlights. Further, we conclude that the district court was within its discretion in sustaining the HOA's objection to one of the photographs the Rapoports offered into evidence. And we also conclude that the district court appropriately awarded the HOA attorney fees under the Declaration.

¶27    Accordingly, we affirm in part and reverse and remand in part, as set forth above.

———————