**2018 UT App 163**

# THE UTAH COURT OF APPEALS

JEAN A. RAPOPORT AND RICHARD N. RAPOPORT,
Appellants,
*v.*
JUDY MARTIN AND FOUR LAKES VILLAGE
HOMEOWNERS ASSOCIATION INC.,
Appellee.

Opinion
No. 20160935-CA
Filed August 23, 2018

Third District Court, Silver Summit Department
The Honorable Kara Pettit
No. 150500281

Jean A. Rapoport and Richard N. Rapoport,
Appellants Pro Se

Eric P. Lee and Justin J. Keys, Attorneys for Appellee
Judy Martin

Matthew B. Hutchinson and Joelle S. Kesler,
Attorneys for Appellee Four Lakes Village
Homeowners Association Inc.

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES JILL M. POHLMAN and DIANA HAGEN concurred.

MORTENSEN, Judge:

¶1     Good fences make good neighbors,[1] but apparently deck
extensions do not. Jean A. Rapoport and Richard N. Rapoport
petitioned their Homeowners Association (the HOA) to order

---

1. *See* Robert Frost, *Mending Wall, in* North of Boston 11 (2d ed.
1915).

Judy Martin to remove a deck extension from a common area in the neighborhood. When the HOA approved the deck extension instead, the Rapoports filed an action in the district court to order its removal. The district court ruled that the HOA had the power to approve the deck extension. The Rapoports filed this appeal, arguing for reversal of the district court's ruling. We affirm.

¶2     The Rapoports and Martin live in the same development, governed under the same Covenants, Conditions, and Restrictions (the CC&Rs). The CC&Rs state, "No Owner shall, without the prior written consent of the Association, make or permit to be made any structural alteration, improvement, or addition in or to his lot or to the Common Areas." The CC&Rs further provide, "There shall be no obstruction of the Common Areas by any Owner. Owners shall neither store nor leave any of their property in the Common Areas, except with the prior written consent of the Association."

¶3     One day the Rapoports noticed that Martin was extending her deck. The Rapoports reported the extension to the HOA, which ordered Martin to cease construction until the HOA could consider the Rapoports' objection. Unbeknownst to the Rapoports, Martin had submitted plans and received approval from the HOA's Architectural Review Committee (the ARC) prior to construction. The HOA's board eventually ratified the ARC's approval of the deck extension and construction recommenced.

¶4     The Rapoports filed a complaint against Martin and the HOA, seeking a declaratory judgment that the deck extension violated the CC&Rs. At the close of discovery, the Rapoports moved for summary judgment on their claim. The HOA filed a cross-motion for summary judgment, seeking an order declaring that the HOA had acted within the scope of its authority when it approved Martin's project and seeking attorney fees. Martin

joined in the HOA's argument regarding the scope of the HOA's authority to approve the deck extension.

¶5      After considering the various motions and arguments, the district court ruled against the Rapoports and in favor of the HOA and Martin. In its order, the district court reasoned that, under the CC&Rs, "the Board is not precluded from allowing improvements to the common area," specifically relying on the CC&R provisions stating that there shall be no obstruction, alteration, improvement, or addition to the common areas without the "prior written consent of the Association." Upon that reasoning, the district court denied the Rapoports' motion for summary judgment and dismissed their complaint with prejudice. The court also awarded the HOA attorney fees and costs in the amount of $19,302.10. The Rapoports appeal.

¶6      On appeal, we must determine whether the district court erred in its denial of the Rapoports' motion for summary judgment and grant of the HOA's motion for summary judgment. Summary judgment is proper if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a). We review a district court's legal conclusions and grant or denial of summary judgment for correctness, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600.

¶7      First, the Rapoports argue that disputed facts exist that prevent summary judgment on the HOA's motion. However, the Rapoports fail to demonstrate how any of the alleged factual disputes are material. A dispute is material only if it matters for the resolution of the case. *See Horgan v. Industrial Design Corp.*, 657 P.2d 751, 752 (Utah 1982). The Rapoports argue that they disputed the following facts asserted in the HOA's motion: (1) "The board prepared and adopted an authorization for the ARC to approve changes to the exterior of units," and (2) "That a

similar deck project had been approved in the past." Aside from pointing out their dispute, the Rapoports do not explain how or why these disputes are material to the district court's decision. These statements appear to be examples only of the HOA's asserted authority to approve a project like Martin's deck extension, but they have no bearing on whether the HOA actually has the authority to approve the project. Therefore, these disputes are immaterial.

¶8     Next, the Rapoports argue that the HOA does not have the authority to approve a project that obstructs a common area without the consent of all homeowners. In support of that argument, the Rapoports cite examples of prior HOA interpretations of the CC&Rs as well as a CC&R provision that states, "Except as otherwise provided in this declaration, the percentages appurtenant to each lot as shown in Exhibit A shall have a permanent character and shall not be altered without the unanimous consent of all Owners expressed in an amendment to this declaration duly recorded." These arguments are also immaterial; the prior interpretations do not affect our analysis of the plain language of a contract,[2] nor does the approval of a deck extension into the common area affect any owner's percentage of undivided interest in the common areas.[3]

---

2. Our supreme court has recognized that equitable doctrines "may intrude upon contract terms, even with the result of modifying or abrogating their terms." *See Saleh v. Farmers Ins. Exch.*, 2006 UT 20, ¶ 22, 133 P.3d 428. As the court noted, these doctrines generally appear in the form of estoppel. *Id.* They are not, however, "within the toolbox of contract interpretation." *Id.* The Rapoports do not make this argument.

3. What appears to be happening here is a comparison of apples to oranges. Years ago, the Rapoports were denied their request to install lighting based on the lack of their neighbors' consent.

(continued…)

¶9 The scope of an HOA's authority to approve construction projects is generally governed by the CC&Rs, which are interpreted "by the same rules of construction as those used to interpret contracts" and are generally "enforced as written" when they are unambiguous. *See Fort Pierce Indus. Park Phases II, III & IV Owners Ass'n v. Shakespeare*, 2016 UT 28, ¶ 19, 379 P.3d 1218 (cleaned up). The Rapoports cite no authority stating that an HOA's prior interpretation of CC&Rs limits its authority for future decisions. Instead, the district court ruled upon the CC&Rs as written. We see no error in the district court's approach.

¶10 The CC&Rs state that "prior written consent of the Association" will exempt a "structural alteration, improvement, or addition" from the CC&R's general prohibition from such alterations. Prior written consent from the HOA may also allow owners to "store" or "leave any of their property" in the common areas. This language provides the HOA with authority

---

(…continued)

That fight made its way before this court and was decided in 2013. *See Rapoport v. Four Lakes Village Homeowners Ass'n, Inc.*, 2013 UT App 78, 300 P.3d 327. In that case, we examined a district court decision upholding the HOA's denial of the Rapoports' request to install lighting because of "lighting guidelines" that the HOA had adopted, which required neighbor approval. *Id.* ¶ 15. This court affirmed the district court's decision to uphold the HOA's denial of the Rapoports' request because the "neighbor approval requirement in the lighting guidelines [was] reasonably derived from" the same CC&R provision that the Rapoports now claim requires neighbor approval for Martin's deck extension. *See id.* ¶ 18. That analysis fails because here, unlike the lighting guidelines at issue in the previous case, there is no provision, guideline, or rule requiring neighbor approval for projects like Martin's deck extension.

to approve structural alterations or obstructions. The Rapoports' argument that previous HOA decisions dictate disapproval in this case is unconvincing; we need only look beyond the four corners of the CC&Rs when the provisions are ambiguous, which in this context they are not. Similarly, any argument that the CC&Rs require "unanimous written consent of all Owners" to alter "[t]he [percentages of] undivided interest in the Common Areas appurtenant to each lot" is unconvincing in this context; an owner's percentage does not change even if the character of the common area changes. Further, any limitation the CC&Rs place on the HOA's ability to alter the character of the common areas is conditioned with, "[e]xcept as otherwise provided in this declaration." And because the language of the CC&R sections governing alterations and obstructions expressly contemplates approval of such, with prior written consent from the HOA, we cannot agree that the Rapoports' interpretation is reasonable. We therefore find no error in the district court's analysis of the CC&Rs.

¶11   Finally, the Rapoports argue that the district court erred in awarding attorney fees and costs to the HOA, claiming that the CC&Rs allow attorney fees only when the HOA itself "take[s] judicial action against any Owner to enforce compliance" with the CC&Rs. We disagree.

¶12   This court previously interpreted the relevant attorney fees provision in *Rapoport v. Four Lakes Village Homeowners Ass'n, Inc.*, 2013 UT App 78, 300 P.3d 327. There, we concluded that the Rapoports' interpretation of the phrase "judicial action" was "too narrow." *Id.* ¶ 24 (cleaned up). Instead, we concluded that "the phrase 'judicial action' is broad enough to encompass both the assertion of and the defense against a claim." *Id.* We decline to disturb that precedent by which we are bound. *See State v. Legg*, 2018 UT 12, ¶ 9, 417 P.3d 592 (explaining that "*stare decisis* has equal application when one panel of a multi-panel appellate court is faced with a prior decision of a different panel" (cleaned

up)). Accordingly, we conclude that the district court did not err in awarding attorney fees to the HOA.

¶13 In addition, the HOA requests attorney fees on this appeal. Because the HOA was awarded attorney fees below, we grant the HOA's request for an award of reasonable attorney fees and remand to the district court for calculation. *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) ("[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." (cleaned up)).

¶14 We conclude that the district court correctly decided the summary judgment motions before it. No material dispute of fact existed to prevent summary judgment. The district court correctly concluded as a matter of law that the language of the CC&Rs authorized the HOA to approve construction projects that may encroach on common areas. Further, the district court appropriately awarded the HOA attorney fees. We remand for the limited purpose of calculating reasonable attorney fees and costs associated with this appeal, which are to be awarded to the HOA.

¶15 Affirmed.

———————